UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                               Case No.: 8:21-cr-288-WFJ-SPF

RANDY XAVIER JONES

_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Randy Xavier Jones, USM#: 64032-509, moves, *pro se*, (Dkt. 105) for a reduction in sentence. He also seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), which will be addressed after the Amendment 821 analysis. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular

offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On July 15, 2022, Randy Xavier Jones was sentenced under 18 U.S.C. § 1343 and 18 U.S.C. §§ 1028A(a)(1) and (2) to 61 months, consisting of 37 months as to Count 2 for wire fraud and 24 months as to Count 5 for aggravated identity theft, to run consecutively. Mr. Jones's total offense level was 20. He was assessed two (2) criminal history points, and his criminal history was category II. Mr. Jones's advisory sentencing range was 37-46 months for wire fraud and 2 years for aggravated identity theft. He received a sentence within the guidelines at the bottom of the appropriate range. The total amount of restitution for these crimes is

$475,881.00.  The Bureau of Prisons reports that his expected release date is in February 2026.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 is impermissible because Mr. Jones was assessed two (2) criminal history points and was not assessed status points.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order.  Dkt. 109.  The Federal Defender will not be filing a motion for sentence reduction on behalf of Defendant Randy Xavier Jones because he "had two criminal history points and was not assessed any status points for being on any kind of supervision when his instant case came in."  *Id*.  He is not a "zero point offender."  Thus, Mr. Jones is not eligible for a sentence reduction.

Even if Defendant were eligible and even considering the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 61-month sentence. To

3

reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction.

During the COVID-19 outbreak, from July 2020 through September 2020, Mr. Jones knowingly devised and schemed to defraud several U.S. federal and state programs by obtaining loan proceeds to which he was not entitled. Defendant applied for Economic Injury Disaster Loan assistance by fraudulently representing he owned a bakery with twelve employees that had almost $200,000 in gross revenues and $76,000 in costs the 12 months prior to the COVID-19 disaster. Defendant received the EIDL loan of $49,500 and used it for solely personal purposes and to collect fraudulently obtained unemployment insurance benefits.

Mr. Jones received packages at his Florida home with 12 fraudulently obtained California unemployment Visa debit cards initially loaded with about $262,000. Mr. Jones had already withdrawn $178,000 in cash while in California before he mailed the debit cards back to Florida. Other schemes involved filing for unemployment insurance on behalf of around 20 identity theft victims. Based on this record, Mr. Jones's offenses were indeed serious.

Lastly, addressing the arguments raised by Mr. Jones, *pro se*, under the more traditional compassionate release through 18 U.S.C. § 3582(c)(1)(A), the Court

finds that Mr. Jones fails 1) to allege any extraordinary and compelling reason, 2) to satisfy the § 3553(a) factors, and 3) to demonstrate he is not a danger to the community. Defendant alleges his extraordinary post sentencing conduct while incarcerated warrants a reduction in his sentence to 30 months. This reason is not extraordinary or compelling.

Additionally, the § 3553(a) factors weigh against his release. His 61-month prison sentence reflects the seriousness of the crimes of wire fraud and aggravated identity theft of at least 20 victims and serves to protect the public. This fact further weighs against a finding that he is not a danger to others or the community. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(2) (release denied unless defendant is not a danger to the safety of any other person or the community).

Mr. Randy Xavier Jones's *pro se* motion (Dkt. 105) for a reduction in sentence and for compassionate release is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on April 2, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE